UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON WORD, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>   Defendants. | Case No.:  20-cv-2235 W (MDD)<br><br>**ORDER (1) GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS [DOC. 16] AND (2) DENYING AS MOOT EX PARTE APPLICATION [DOC. 19]** |

On January 29, 2021, Defendants filed the pending motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Defendants argue the Second Amended Complaint fails to state a claim for relief as to the first, second, third, fourth, fifth, sixth and seventh claims for relief.  (*Notice of Motion* [Doc. 16] 1:27–2:2.)  Alternatively, Defendants move for a more definite statement as to the first, second, fourth, fifth, sixth and seventh claims.  (*Id.* 2:2–4.)  Defendants' motion was set for hearing on March 8, 2021.  Plaintiffs' opposition was, therefore, due on or before February 22, 2021.

On February 22, 2021, Plaintiffs attempted to unilaterally file a Third Amended Complaint ("TAC").  On February 24, 2021, this Court ordered the TAC struck under Federal Rule of Civil Procedrue 15(a), which allows a party to amend its pleading once as a matter of course and requires a court order or the opposing party's consent for any

further amendments.  (*Discrepancy Order* [Doc. 18].)

On February 25, 2021, Plaintiffs filed an ex parte application for leave to file the TAC.  (*Ex Parte App.* [Doc. 19].)  In the application, Plaintiffs agree to "abandon" the first (Unreasonable Seizure), second (Excessive Force), fifth (False Arrest – California law) and sixth (Batter – California law) claims for relief.  (*Id.* 1:27–2:3.)

On March 1, 2021, Defendants filed the notice of non-oppsotion to their motion to dismiss.  (*Notice of Non-Opp'n* [Doc. 20].)  Based on Plaintiffs' failure to oppose and statement in the ex party application, Defendants request the dismissal of the first, second, fifth and sixth claims be without leave to amend.

Civil Local Rule 7.1.f.3.c provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of that motion or other ruling by the court."  The Ninth Circuit has held that a district court may properly grant a motion to dismiss for failure to respond.  See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to file timely opposition where plaintiff had notice of the motion and time to respond).

Based on the foregoing, the Court deems Plaintiffs' failure to oppose Defendants' motion as consent to the merits and accordingly **GRANTS** Defendants' motion [Doc. 16] as follows: Plainitffs' first, second, fifth and sixth claims for relief are **DISMISSED WITHOUT LEAVE TO AMEND**; Plaintiffs' fourth and seventh are **DISMISSED WITH LEAVE TO AMEND**.  The Third Amended Complaint must be filed on or before **March 16, 2021**.  In light of this order, Plaintiffs' ex parte application [Doc. 19] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated:  March 2, 2021

_____
Hon. Thomas J. Whelan
United States District Judge